THE CITY OF BROOKLYN, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondents.

*Actions against the city of New York must be brought in that city and county* — 1868, *chap.* 853, *sec.* 8, *is constitutional and valid.*

Section 8 of chapter 853 of 1868, providing that the Supreme Court in the first judicial district, the Court of Common Pleas and the Superior Court of the city of New York shall have exclusive jurisdiction of all actions brought against the said city, is not unconstitutional and void, as being an attempt to abridge the general jurisdiction vested in the Supreme Court by section 6 of article 6 of the Constitution.

By the passage of that act the legislature only intended to require such actions to be brought and tried in the city and county of New York.

APPEAL from an order made at a Special Term changing the place of trial of this action from the county of Kings to the county of New York.

*William C. De Witt*, for the appellant.

*William C. Whitney*, for the respondents.

GILBERT, J.:

The act relating to actions, legal proceedings and claims against the mayor, aldermen and commonalty of the city of New York, passed April 14, 1860 (chap. 379), provides that the Supreme Court in the first judicial district, the Court of Common Pleas and the Superior Court of the city of New York shall have exclusive jurisdiction of all actions or special proceedings wherein the mayor, aldermen and commonalty are made a party defendant. That statute was re-enacted by section 8, chapter 853, of the Laws of 1868. We need not consider the question in respect to the local courts named.

The place of trial in this action having been laid in the county of Kings the defendants demanded a change thereof to the city and county of New York, and the place of trial was changed accordingly by order of the court. The plaintiff appeals from that order and contends that the statute cited is void because it attempts to abridge the jurisdiction vested in the Supreme Court by article 6, section 6, of the Constitution. That section declares that the Supreme Court shall have general jurisdiction in law and equity. Technically considered the language of the statute would not have the effect to abridge or control the jurisdiction of the Supreme Court, or to affect it in any way. There is no Supreme Court in the city of New York different from the Supreme Court of the Constitution. The legal effect of the statute, therefore, is to vest exclusive jurisdiction of this class of actions in the Supreme Court and in the local courts named. The intention of the legislature evidently was to require that actions brought against the defendant should be brought in the city and county of New York. That the legislature has power to prescribe the county in which particular actions shall be brought and tried admits of no dispute. Such

power has existed in the legislature from time immemorial. Actions in relation to real property or for the recovery of penalties and actions against public officers are instances of the exercise of the power. A statute cannot be so construed as to bring it in conflict with the Constitution when it admits of an interpretation consistent with its validity.

The order must be affirmed, with ten dollars costs and disbursements.

BARNARD, P. J., and DYKMAN, J., concurred.

Order changing place of trial affirmed, with ten dollars costs and disbursements.